**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA A. RICHARDSON, | : | |
| Plaintiff, | : | Civil Action No. 14-5291 (MAS) (TJB) |
| v. | : | **MEMORANDUM ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES** |
| STARK & STARK, et al., | : | |
| Defendants. | : | |

This matter comes before the Court on the application of Plaintiff Patricia A. Richardson ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (Application, ECF No. 1-1.) The Court will grant the application on the strength of Plaintiff's allegation of indigence but dismiss the Complaint (ECF No. 1) for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff asserts a claim for damages against Stark & Stark; Kennedy, Campbell, Lipski & Dochney; Styliades, Jackson & Burghardt ("Defendants") for alleged misconduct during the deposition of an unidentified individual. More specifically, Plaintiff claims that "Defendants knowing[ly] and willing[ly] conspired to execute unethical and unlawful acts of prejudice against me and my eyewitness Richard Hopson." (Compl. 2.) The Complaint's jurisdictional statement provides that "[i]n a deposition [on] March 2, 2010[,] Defendants claimed liability[;] my representative along with Defendants conspired to proceed as if it was a dispute." (*Id.* at 1.)

Based on these allegations, the Court cannot discern a basis for subject matter jurisdiction in this Court. As a result, Plaintiff's Complaint is dismissed for lack of jurisdiction.

Accordingly,

**IT IS**, on this 3rd day of August 2015, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2. The Clerk of the Court shall file the Complaint without prepayment of fees or security;

3. The Complaint is dismissed for lack of subject matter jurisdiction; and

4. The Clerk of the Court shall mark this matter CLOSED.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

2